1

2

3

4

5

6

7

8

9

10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| REGINALD ROBERTSON, | ) | No. C 11-4530 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF PARTIAL |
| | ) | DISMISSAL; ORDER OF |
| v. | ) | SERVICE; DIRECTING |
| | ) | DEFENDANTS TO FILE |
| W. PERRY, et al., | ) | DISPOSITIVE MOTION OR |
| | ) | NOTICE REGARDING SUCH |
| Defendants. | ) | MOTION |
| | ) | |

Plaintiff, a California pretrial detainee proceeding pro se, filed a civil rights complaint
pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a
separate order. For the reasons stated below, the court orders service on defendants.

**DISCUSSION**

A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner
seeks redress from a governmental entity or officer or employee of a governmental entity. See
28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss
any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or
seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),
(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police
Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion
P:\pro-se\sj.rmw\cr.11\Robertson530srv

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

2    (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

3    the alleged violation was committed by a person acting under the color of state law.  See West v.

4    Atkins, 487 U.S. 42, 48 (1988).

5    B.    Plaintiff's Claims

6          Plaintiff claims that on May 9, 2011, he asked defendant Perry for a grievance form

7    because he believed he suffered an illegal cell search a few days prior, and was included in an

8    unjustified 24-hour lockdown as well.  Perry responded that those issues were not "grievable"

9    and, further, that those issues were resolved.  Finally, Perry informed plaintiff that if plaintiff

10   insisted on filing a grievance, plaintiff would "lose that privilege" and be "written up."  Plaintiff

11   argues that this denied him access to the courts or the right to petition for redress, and violated

12   his right to be free from retaliation.

13         Prisoners have a constitutional right of access to the courts.  See Lewis v. Casey, 518

14   U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977).  The right of meaningful

15   access to the courts extends to established prison grievance procedures.  See Bradley v. Hall, 64

16   F.3d 1276, 1279 (9th Cir. 1995).  To establish a claim for any violation of the right of access to

17   the courts, the prisoner must prove that there was an inadequacy in the prison's legal access

18   program that caused him an actual injury.  See Lewis, 518 U.S. at 350-55.  To prove an actual

19   injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to

20   pursue a non-frivolous claim concerning his conviction or conditions of confinement.  See id. at

21   354-55.  Once the prisoner identifies the obstacle(s), the prisoner must demonstrate that the

22   alleged shortcomings in the program hindered his efforts to pursue a legal claim.  See Lewis, 518

23   U.S. at 351.  Examples of impermissible hindrances include: a prisoner whose complaint was

24   dismissed for failure to satisfy some technical requirement which, because of deficiencies in the

25   prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered

26   arguably actionable harm" that he wished to bring to the attention of the court, but was so

27   stymied by the inadequacies of the library that he was unable even to file a complaint.  See id.;

28

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion
P:\pro-se\sj.rmw\cr.11\Robertson530srv                    2

see, e.g., Hebbe v. Pliler, 627 F.3d 338, 343 (9th Cir. 2010) (plaintiff demonstrated that denying him law library access while on lockdown resulted in "actual injury because he was prevented from appealing his conviction); Jones v. Blanas, 393 F.3d 918, 936 (9th Cir. 2004) (agreeing with district court that prisoner "did not allege injury, such as inability to file a complaint or defend against a charge, stemming from the restrictions on his access to the law library"). A mere delay in filing papers would not be enough, for example, if they were nevertheless timely filed or accepted and considered by the court. See Hudson v. Robinson, 678 F.2d 462, 466 (3d Cir. 1982). Here, plaintiff was able to demonstrate through his own documents that he was able to utilize the grievance procedure, and that Perry's actions merely caused a delay in filing a grievance. (Dkt. No. 4.) Thus, plaintiff fails to state a cognizable claim of a denial of access to the courts. That claim is DISMISSED.

Plaintiff also alleges that Perry retaliated against him for requesting and filing a grievance. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Liberally construed, Plaintiff states a cognizable claim of retaliation.

Plaintiff also alleges that, on May 10, 2011, plaintiff was told that his classification had been changed to administrative segregation, and he was placed into solitary confinement. Plaintiff asserts that his placement into administrative segregation and the resulting solitary confinement violated his right to due process. Liberally construed, Plaintiff states a cognizable claim of a violation of his right to due process.

Plaintiff's last claim is that Defendant Foster's denial of his grievance regarding his placement into administrative segregation violated his right to equal protection. However, although there certainly is a right to petition the government for redress of grievances (a First Amendment right), there is no right to a response or any particular action. See Flick v. Alba, 932

1   F.2d 728, 729 (8th Cir. 1991) ("prisoner's right to petition the government for redress . . . is not

2   compromised by the prison's refusal to entertain his grievance.").  Moreover, plaintiff's equal

3   protection claim lacks merit because he fails to allege that he has been treated differently than

4   any similarly situated individual.  See City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S.

5   432, 439 (1985).  Accordingly, plaintiff's equal protection claim is DISMISSED.  Because the

6   equal protection claim is the only claim asserted against defendant Foster, Foster is also

7   DISMISSED from this action.

8                                                    **CONCLUSION**

9           For the foregoing reasons, the court hereby orders as follows:

10          1.      The clerk shall issue a summons and the United States Marshal shall serve,

11   without prepayment of fees, copies of the complaint in this matter (docket no. 1), all attachments

12   thereto, and copies of this order on the **Alameda County Sheriff's Office** and **Deputy W. Perry**

13   at the **Alameda County Sheriff's Office**.  The clerk shall also serve a copy of this order on

14   plaintiff and mail a courtesy copy of the complaint to the California Attorney General's Office.

15          2.      No later than **ninety (90) days** from the date of this order, defendants shall file a

16   motion for summary judgment or other dispositive motion with respect to the cognizable claims

17   in the complaint.

18                  a.      If defendants elect to file a motion to dismiss on the grounds that plaintiff

19   failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

20   defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315

21   F.3d 1108, 1119-20 (9th Cir. 2003).

22                  b.      Any motion for summary judgment shall be supported by adequate factual

23   documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

24   Procedure.  **Defendants are advised that summary judgment cannot be granted, nor**

25   **qualified immunity found, if material facts are in dispute.  If defendants are of the opinion**

26   **that this case cannot be resolved by summary judgment, they shall so inform the court**

27   **prior to the date the summary judgment motion is due.**

28

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion
P:\pro-se\sj.rmw\cr.11\Robertson530srv                    4

1      3.      Plaintiff's opposition to the dispositive motion shall be filed with the court and

2  served on defendants no later than **thirty (30) days** from the date defendant's motion is filed.

3           a.      In the event defendants file an unenumerated motion to dismiss under

4  Rule 12(b), plaintiff is hereby cautioned as follows:[1]

5           The defendants have made a motion to dismiss pursuant to Rule 12(b) of
   the Federal Rules of Civil Procedure, on the ground you have not exhausted your
6  administrative remedies.  The motion will, if granted, result in the dismissal of
   your case.  When a party you are suing makes a motion to dismiss for failure to
7  exhaust, and that motion is properly supported by declarations (or other sworn
   testimony) and/or documents, you may not simply rely on what your complaint
8  says.  Instead, you must set out specific facts in declarations, depositions, answers
   to interrogatories, or documents, that contradict the facts shown in the defendant's
9  declarations and documents and show that you have in fact exhausted your
   claims.  If you do not submit your own evidence in opposition, the motion to
10 dismiss, if appropriate, may be granted and the case dismissed.

11          b.      In the event defendants file a motion for summary judgment, the

12 Ninth Circuit has held that the following notice should be given to plaintiffs:

13          The defendants have made a motion for summary  judgment by which
   they seek to have your case dismissed.  A motion for summary judgment under
14 Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

15          Rule 56 tells you what you must do in order to oppose a motion for
   summary judgment.  Generally, summary judgment must be granted when there is
16 no genuine issue of material fact--that is,  if there is no real dispute about any fact
   that would affect the result of your case, the party who asked for summary
17 judgment is entitled to judgment as a matter of law, which will end your case.
   When a party you are suing makes a motion for summary judgment that is
18 properly supported by declarations (or other sworn testimony), you cannot simply
   rely on what your complaint says.  Instead, you must set out specific facts in
19 declarations, depositions, answers to interrogatories, or authenticated documents,
   as provided in Rule 56(e), that contradict the facts shown in the defendants'
20 declarations and documents and show that there is a genuine issue of material fact
   for trial.  If you do not submit your own evidence in opposition, summary
21 judgment, if appropriate, may be entered against you.  If summary judgment is
   granted in favor of defendants, your case will be dismissed and there will be no
22 trial.

23 See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read

24 Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317

25 (1986) (holding party opposing summary judgment must come forward with evidence showing

26 ─────────────────

27     [1] The following notice is adapted from the summary judgment notice to be given to pro se
   prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See
28 Wyatt v. Terhune, 315 F.3d at 1120 n.14.

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion
P:\pro-se\sj.rmw\cr.11\Robertson530srv          5

1 triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that

2 failure to file an opposition to defendant's motion for summary judgment may be deemed to be a

3 consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff

4 without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges

5 v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

6         4.    Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's

7 opposition is filed.

8         5.    The motion shall be deemed submitted as of the date the reply brief is due.  No

9 hearing will be held on the motion unless the court so orders at a later date.

10         6.    All communications by the plaintiff with the court must be served on defendants,

11 or defendants' counsel once counsel has been designated, by mailing a true copy of the

12 document to defendants or defendants' counsel.

13         7.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

14 No further court order is required before the parties may conduct discovery.

15        For plaintiff's information, the proper manner of promulgating discovery is to send

16 demands for documents or interrogatories (questions asking for specific, factual responses)

17 directly to defendants' counsel.  See Fed. R. Civ. P. 33-34.  The scope of discovery is limited to

18 matters "relevant to the claim or defense of any party . . ."  See Fed. R. Civ. P. 26(b)(1).

19 Discovery may be further limited by court order if "(i) the discovery sought is unreasonably

20 cumulative or duplicative, or is obtainable from some other source that is more convenient, less

21 burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by

22 discovery in the action to obtain the information sought; or (iii) the burden or expense of the

23 proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2).  In order to comply

24 with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it

25 to his benefit to wait until defendants have filed a dispositive motion which could include some

26 or all of the discovery plaintiff might seek.  In addition, no motion to compel will be considered

27 by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local

28

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\pro-se\sj.rmw\cr.11\Robertson530srv      6

1    Rule 37-1 has been satisfied.  Because plaintiff is detained, he is not required to meet and confer

2    with defendants in person.  Rather, if his discovery requests are denied and he intends to seek a

3    motion to compel he must send a letter to defendants to that effect, offering them one last

4    opportunity to provide him with the sought-after information.

5         8.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

6    and all parties informed of any change of address and must comply with the court's orders in a

7    timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

8    pursuant to Federal Rule of Civil Procedure 41(b).

9         IT IS SO ORDERED.

10   DATED: _____        *Ronald M. Whyte*

11                             RONALD M. WHYTE
                               United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion
P:\pro-se\sj.rmw\cr.11\Robertson530srv                7

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

REGINALD ROBERTSON,

              Plaintiff,

  v.

W PERRY et al,

              Defendant.
_____/

Case Number: CV11-04530 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 4, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Reginald Robertson
845 69th Avenue
#204
Oakland, CA 94621

Dated: April 4, 2012

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk