**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| REGINALD ROBERTSON, | ) | No. C 11-4530 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF PARTIAL |
| | ) | DISMISSAL; ORDER OF |
| v. | ) | SERVICE; DIRECTING |
| | ) | DEFENDANTS TO FILE |
| W. PERRY, et al., | ) | DISPOSITIVE MOTION OR |
| | ) | NOTICE REGARDING SUCH |
| Defendants. | ) | MOTION |
| | ) | |

Plaintiff, a former California pretrial detainee proceeding pro se, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the court dismisses the amended complaint, in part, and serves the defendants.

**DISCUSSION**

A.      Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

2  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

3  the alleged violation was committed by a person acting under the color of state law.  See West v.

4  Atkins, 487 U.S. 42, 48 (1988).

5  B.    Plaintiff's Claims

6    Plaintiff claims that on May 9, 2011, he asked defendant Perry for a grievance form.

7  Perry responded that the issues plaintiff had were not "grievable," and further, that those issues

8  were resolved.  Perry also informed plaintiff that if plaintiff insisted on filing a grievance,

9  plaintiff would "lose that privilege" and be "written up."  Plaintiff argues that this denied him

10  access to the courts or the right to petition for redress, and violated his right to be free from

11  retaliation.

12    The court previously dismissed this claim in plaintiff's original complaint.  See, e.g.,

13  Hebbe v. Pliler, 627 F.3d 338, 343 (9th Cir. 2010) (plaintiff demonstrated that denying him law

14  library access while on lockdown resulted in "actual injury because he was prevented from

15  appealing his conviction); Jones v. Blanas, 393 F.3d 918, 936 (9th Cir. 2004) (agreeing with

16  district court that prisoner "did not allege injury, such as inability to file a complaint or defend

17  against a charge, stemming from the restrictions on his access to the law library"); see also

18  Hudson v. Robinson, 678 F.2d 462, 466 (3d Cir. 1982) (recognizing that a mere delay in filing

19  papers would not be enough if the papers were nevertheless timely filed or accepted and

20  considered by the court.)  Plaintiff's amended complaint does not present anything different from

21  his original claim.  Accordingly, to the extent plaintiff is attempting to raise this claim again, the

22  court again dismisses it for failure to state a claim.

23    Plaintiff also alleges that Perry retaliated against him for requesting and filing a

24  grievance by threatening him with the loss of the privilege of filing grievances, and again for re-

25  classifying him and sending him to solitary confinement.  "Within the prison context, a viable

26  claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state

27  actor took some adverse action against an inmate (2) because of (3) that prisoner's protected

28

1  conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights,

2  and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v.</u>

3  <u>Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  Liberally construed,

4  Plaintiff states cognizable claims of retaliation.

5      Plaintiff also alleges that, he was re-classified into administrative segregation, and was

6  placed into solitary confinement.  Plaintiff asserts that his placement into administrative

7  segregation and the resulting solitary confinement violated his right to due process because he

8  was not afforded notice or an opportunity to be heard.  Liberally construed, Plaintiff states a

9  cognizable claim of a violation of his right to due process.[1]

10     Plaintiff further alleges that, on June 13, 2001, he was taken in waist chains and

11 handcuffs to superior court.  He remained in the waiting cell for more than four hours until he

12 was returned to the jail, when his restraints were finally removed.  Plaintiff asserts that this was

13 excessive force.  The Due Process Clause of the Fourteenth Amendment protects a post-

14 arraignment pretrial detainee from the use of excessive force that amounts to punishment.

15 <u>Graham v. Connor</u>, 490 U.S. 386, 395 n.10 (1989) (citing <u>Bell v. Wolfish</u>, 441 U.S. 520, 535-39

16 (1979)).  Resolving such a substantive due process claim requires courts to balance several

17 factors focusing on the reasonableness of the officers' actions given the circumstances.  <u>White v.</u>

18 <u>Roper</u>, 901 F.2d 1501, 1507 (9th Cir. 1990).  In order to prevail on an excessive force claim, a

19 pretrial detainee must show the use of force was excessive because it was not reasonably

20 necessary to maintain or restore order and/or discipline.  <u>See</u> <u>Hydrick v. Hunter</u>, 500 F.3d 978,

21 997-98 (9th Cir. 2007) (excessive force claim brought by civilly confined plaintiff), <u>rev'd on</u>

22

23     [1]  Although plaintiff attempts to also raise an Eighth Amendment claim, when a pretrial
   detainee challenges conditions of his confinement, the proper inquiry is whether the conditions
24 amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment.
   <u>See</u> <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 n.16 (1979).  "'[T]he State does not acquire the power to
25 punish with which the Eighth Amendment is concerned until after it has secured a formal
   adjudication of guilt in accordance with due process of law.  Where the State seeks to impose
26 punishment without such an adjudication, the pertinent guarantee is the Due Process Clause of
   the Fourteenth Amendment.'"  <u>Id.</u> (quoting <u>Ingraham v. Wright</u>, 430 U.S. 651, 671-72 n.40
27 (1977)).  Accordingly, the court will consider this claim solely under the Fourteenth
   Amendment.

28

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion
G:\PRO-SE\SJ.Rmw\CR.11\Robertson530srv2.wpd     3

1  other grounds, 129 S. Ct. 2431 (2009).  Here, plaintiff has not alleged any use of force, or any

2  injury inflicted.  Moreover, plaintiff does not assert that any defendant's action satisfied the

3  appropriate state of mind standard.  Accordingly, this claim is DISMISSED WITH LEAVE TO

4  AMEND.

5        To the extent plaintiff raises cognizable state law claims, the court exercises its

6  supplemental jurisdiction over them.

7                                   **CONCLUSION**

8        For the foregoing reasons, the court hereby orders as follows:

9        1.      If plaintiff can cure the pleading deficiencies described above regarding his

10 excessive force claim, he shall file a SECOND AMENDED COMPLAINT within **thirty days**

11 from the date this order is filed.  The second amended complaint must include the caption and

12 civil case number used in this order (C 11-4530 RMW (PR)) and the words SECOND

13 AMENDED COMPLAINT on the first page.  The second amended complaint must indicate

14 which specific, named defendant(s) was involved in each cause of action, what each defendant

15 did, what effect this had on plaintiff and what right plaintiff alleges was violated.  Plaintiff may

16 not incorporate material from the prior complaint by reference.  If plaintiff files a second

17 amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that

18 demonstrate that he is entitled to relief under the applicable federal statutes.  **Failure to file a**

19 **second amended complaint within thirty days and in accordance with this order will result**

20 **in the court proceeding only on the cognizable claims stated above.**

21       2.      Plaintiff is advised that an amended complaint supersedes the original complaint.

22 "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged

23 in the amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).

24 Defendants not named in an amended complaint are no longer defendants.  See Ferdik v.

25 Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

26       3.      No later than **ninety (90) days** from the date of this order, defendants shall file a

27 motion for summary judgment or other dispositive motion with respect to the cognizable claim

28

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion
G:\PRO-SE\SJ.Rmw\CR.11\Robertson530srv2.wpd        4

in the complaint.

   a.   If defendants elect to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

   b.   Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.</u>**

   4.   Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986).

   5.   Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

   6.   The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

   7.   All communications by the plaintiff with the court must be served on defendants' counsel, by mailing a true copy of the document to defendants or defendants' counsel.

   8.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

   9.   It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

1    IT IS SO ORDERED.

2  DATED: _____

3                                RONALD M. WHYTE
                               United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Service; Directing Defendants to File Disposition Motion
G:\PRO-SE\SJ.Rmw\CR.11\Robertson530srv2.wpd       6