*E-FILED on 5/13/13*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| REGINALD ROBERTSON, | ) | No. C 11-4530 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF PARTIAL |
| | ) | DISMISSAL; ORDER OF |
| v. | ) | SERVICE; DIRECTING |
| | ) | DEFENDANTS TO FILE |
| W. PERRY, et al., | ) | DISPOSITIVE MOTION OR |
| | ) | NOTICE REGARDING SUCH |
| Defendants. | ) | MOTION |
| | ) | |

Plaintiff, a former California pretrial detainee proceeding pro se, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the court dismisses the amended complaint, in part, and serves the defendants.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

1  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
2  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
3  the alleged violation was committed by a person acting under the color of state law. See West v.
4  Atkins, 487 U.S. 42, 48 (1988).

B.     Plaintiff's Claims

Plaintiff claims that on May 9, 2011, he asked defendant Perry for a grievance form. Perry responded that the issues plaintiff had were not "grievable," and further, that those issues were resolved. Perry also informed plaintiff that if plaintiff insisted on filing a grievance, plaintiff would "lose that privilege" and be "written up." Plaintiff argues that this denied him access to the courts or the right to petition for redress, and violated his right to be free from retaliation.

The court previously dismissed this claim in plaintiff's original complaint. See, e.g., Hebbe v. Pliler, 627 F.3d 338, 343 (9th Cir. 2010) (plaintiff demonstrated that denying him law library access while on lockdown resulted in "actual injury because he was prevented from appealing his conviction); Jones v. Blanas, 393 F.3d 918, 936 (9th Cir. 2004) (agreeing with district court that prisoner "did not allege injury, such as inability to file a complaint or defend against a charge, stemming from the restrictions on his access to the law library"); see also Hudson v. Robinson, 678 F.2d 462, 466 (3d Cir. 1982) (recognizing that a mere delay in filing papers would not be enough if the papers were nevertheless timely filed or accepted and considered by the court.) Plaintiff's amended complaint does not present anything different from his original claim. Accordingly, to the extent plaintiff is attempting to raise this claim again, the court again dismisses it for failure to state a claim.

Plaintiff also alleges that Perry retaliated against him for requesting and filing a grievance by threatening him with the loss of the privilege of filing grievances, and again for re-classifying him and sending him to solitary confinement. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected

1  conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights,
2  and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v.
3  Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  Liberally construed,
4  Plaintiff states cognizable claims of retaliation.

5        Plaintiff also alleges that, he was re-classified into administrative segregation, and was
6  placed into solitary confinement.  Plaintiff asserts that his placement into administrative
7  segregation and the resulting solitary confinement violated his right to due process because he
8  was not afforded notice or an opportunity to be heard.  Liberally construed, Plaintiff states a
9  cognizable claim of a violation of his right to due process.[1]

10        Plaintiff further alleges that, on June 13, 2001, he was taken in waist chains and
11  handcuffs to superior court.  He remained in the waiting cell for more than four hours until he
12  was returned to the jail, when his restraints were finally removed.  Plaintiff asserts that this was
13  excessive force.  The Due Process Clause of the Fourteenth Amendment protects a post-
14  arraignment pretrial detainee from the use of excessive force that amounts to punishment.
15  Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) (citing Bell v. Wolfish, 441 U.S. 520, 535-39
16  (1979)).  Resolving such a substantive due process claim requires courts to balance several
17  factors focusing on the reasonableness of the officers' actions given the circumstances.  White v.
18  Roper, 901 F.2d 1501, 1507 (9th Cir. 1990).  In order to prevail on an excessive force claim, a
19  pretrial detainee must show the use of force was excessive because it was not reasonably
20  necessary to maintain or restore order and/or discipline.  See Hydrick v. Hunter, 500 F.3d 978,
21  997-98 (9th Cir. 2007) (excessive force claim brought by civilly confined plaintiff), rev'd on

---

[1] Although plaintiff attempts to also raise an Eighth Amendment claim, when a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979).  "'[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.  Where the State seeks to impose punishment without such an adjudication, the pertinent guarantee is the Due Process Clause of the Fourteenth Amendment.'" Id. (quoting Ingraham v. Wright, 430 U.S. 651, 671-72 n.40 (1977)).  Accordingly, the court will consider this claim solely under the Fourteenth Amendment.

1 other grounds, 129 S. Ct. 2431 (2009). Here, plaintiff has not alleged any use of force, or any
2 injury inflicted. Moreover, plaintiff does not assert that any defendant's action satisfied the
3 appropriate state of mind standard. Accordingly, this claim is DISMISSED WITH LEAVE TO
4 AMEND.

5 To the extent plaintiff raises cognizable state law claims, the court exercises its
6 supplemental jurisdiction over them.

## CONCLUSION

8 For the foregoing reasons, the court hereby orders as follows:

9 1. If plaintiff can cure the pleading deficiencies described above regarding his
10 excessive force claim, he shall file a SECOND AMENDED COMPLAINT within **thirty days**
11 from the date this order is filed. The second amended complaint must include the caption and
12 civil case number used in this order (C 11-4530 RMW (PR)) and the words SECOND
13 AMENDED COMPLAINT on the first page. The second amended complaint must indicate
14 which specific, named defendant(s) was involved in each cause of action, what each defendant
15 did, what effect this had on plaintiff and what right plaintiff alleges was violated. Plaintiff may
16 not incorporate material from the prior complaint by reference. If plaintiff files a second
17 amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that
18 demonstrate that he is entitled to relief under the applicable federal statutes. **Failure to file a**
19 **second amended complaint within thirty days and in accordance with this order will result**
20 **in the court proceeding only on the cognizable claims stated above.**

21 2. Plaintiff is advised that an amended complaint supersedes the original complaint.
22 "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
23 in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).
24 Defendants not named in an amended complaint are no longer defendants. See Ferdik v.
25 Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

26 3. No later than **ninety (90) days** from the date of this order, defendants shall file a
27 motion for summary judgment or other dispositive motion with respect to the cognizable claim
28

in the complaint.

       a.    If defendants elect to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

       b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

    4.    Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

    5.    Defendants shall file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

    6.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

    7.    All communications by the plaintiff with the court must be served on defendants' counsel, by mailing a true copy of the document to defendants or defendants' counsel.

    8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

    9.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

1  IT IS SO ORDERED.
2  DATED: _____       *Ronald M. Whyte*
3                          RONALD M. WHYTE
                           United States District Judge